UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN BRADFORD MENA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.3:23-cv-00811 |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., TRANS UNION LLC, and LOCKHART, | ) |
| MORRIS & MONTGOMERY, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JOHN BRADFORD MENA ("Plaintiff"), by and through his attorneys, alleges the following against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and LOCKHART, MORRIS & MONTGOMERY, INC. ("Lockhart") ("Defendants" collectively):

## INTRODUCTION

1. Counts I-III of Plaintiff's Complaint is based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

2. Count IV of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and under the FDCPA 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331 and 1337.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy,"

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is an individual who was at all relevant times residing in Fredericksburg, Spotsylvania County, Commonwealth of Virginia.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA and FDCPA.

8. Defendant Experian is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the Commonwealth of Virginia, is a citizen of the Commonwealth of Virginia.

9. Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the Commonwealth of Virginia, is a citizen of the Commonwealth of Virginia.

10. At all relevant times Defendants Experian and Trans Union were each a "consumer reporting agency" as that term is defined by the FCRA;

11. Defendant Lockhart regularly conducts business throughout the United States and as a corporation that does business in the Commonwealth of Virginia, is a citizen of the Commonwealth of Virginia.

12. At all relevant times, Lockhart was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

13. At all relevant times, Defendant Lockhart was a debt collector as that term is defined by the FDCPA.

14. Defendant Lockhart's businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant Lockhart's business is the collection of debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant Lockhart sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

18. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

19. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## FACTUAL ALLEGATIONS

20. Within the past year, Defendant Lockhart attempted to collect on an alleged debt from Plaintiff., allegedly originating from a failure to pay a $7,000.00 loan owed to Plaintiff's former employer, a trucking company.

21. The alleged debt at issue arises from transactions for personal, family, and household

purposes.

22. Plaintiff does not owe the alleged debt pursuant to the executed Release signed by both Plaintiff and the original creditor.

23. At all times relevant, Defendant Lockhart had in its possession the Release signed by Plaintiff and the original creditor.

24. After August 29, 2022, Plaintiff received correspondence from Lockhart in which Lockhart demanded Plaintiff make payment or respond to the alleged debt by December 16, 2022.

25. At all times relevant, Lockhart also furnished information about the account to Plaintiff's credit file.

26. At all times relevant, Lockhart reported a $7,000 balance on the account to Plaintiff's credit file.

27. On or around December 9, 2022, Plaintiff disputed the inaccurate information with Defendant Lockhart by written communication to their representatives.

28. Plaintiff's dispute letter explained that he did not owe the alleged debt and requested Lockhart correct any inaccurate reports of the inaccurate debt.

29. On or around January 13, 2023, Lockhart sent another letter to Plaintiff demanding he remit payment for the alleged debt.

30. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. Defendants Experian and Trans Union have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

32. The inaccurate information of which Plaintiff complains is an account, or tradeline ("Tradeline"), that reflect Plaintiff's history of credit, named: Lockhart, Morris, & Montgomery, Inc.

33. The Lockhart account originated from a $7,000.00 loan with Hirschbach Motor Lines Inc. ("Hirschbach") and was a result of fraud as Plaintiff and Hirschbach signed a Release of the loan.

34. Plaintiff does not owe any portion of the amount claimed by Lockhart.

35. In connection with its attempts to collect the alleged debt from Plaintiff, Lockhart reported a Tradeline for the alleged debt to, at least, Experian and Trans Union.

36. Despite Plaintiff not owing the alleged debt associated with the Tradeline, Lockhart continued to furnish to Experian and Trans Union inaccurate information regarding the Tradeline.

37. The Tradeline reported by Experian and Trans Union was inaccurate, incomplete, or unable to be verified.

38. In or around April, 2023, Plaintiff filed a dispute with Experian and Trans Union through Credit Karma, informing them of the inaccurate reporting of the Tradeline.

39. Plaintiff's dispute explained that the Tradeline was inaccurate because Plaintiff did not owe the alleged debt associated with the Tradeline.

40. Plaintiff requested that Defendants correct the inaccurate Tradeline.

41. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

42. The consumer reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

43. In or around April 2023, Plaintiff disputed the inaccurate information with Defendants Trans Union and Experian by written communication to their representatives [and by following Defendant Equifax's established procedure for disputing consumer credit information].

44. Upon information and belief, Defendants Experian and Trans Union notified Lockhart of Plaintiff's dispute and the nature of the dispute.

45. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Experian and Trans Union, Defendant Lockhart received notification from Defendants Experian and Trans Union of Plaintiff's dispute and the nature of the dispute.

46. Upon information and belief, Defendants Experian, and Trans Union received the results of Defendant Lockhart's investigation as to Plaintiff's dispute.

47. Upon information and belief, Defendants Experian, and Trans Union updated the reporting of the account at issue solely based upon the information it received from Defendant Lockhart in response to Plaintiff's dispute.

48. On or about June 19, 2023, Experian erroneously verified the Tradeline as accurate and continued to inaccurately report the Tradeline.

49. On or about June 29, 2023, Trans Union erroneously verified the Tradeline as accurate and continued to inaccurately report the Tradeline.

50. Despite Plaintiff's efforts, Experian and Trans Union have nonetheless deliberately, willfully, intentionally, recklessly and negligently, repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, failed to timely remove the inaccurate and/or incomplete information, and continued to report the derogatory inaccurate and/or incomplete and/or unverifiable information about Plaintiff.

51. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

52. The consumer reports have been disseminated to various persons and credit grantors, both known and unknown.

53. As a result of Defendants' acts and/or omissions Plaintiff has suffered concrete, particularized real harm, including but not limited to, lost credit opportunities and the time, expense, and frustration of communicating with the Defendants to correct the inaccurate information on his consumer reports.

54. Defendants' above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

55. The conduct of the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff.

56. Plaintiff has been damaged, and continues to be damaged, in at least the following ways:

    a. Impeded Plaintiff's ability to obtain credit;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the consumer report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

    e. Decreased credit score which may result in inability to obtain credit on future

attempts.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

57. Plaintiff repeats and re-alleges paragraphs 1-56 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

58. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

59. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, JOHN BRADFORD MENA, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

   e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT

60. Plaintiff repeats and re-alleges paragraphs 1-56 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

61. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

62. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, JOHN BRADFORD MENA, respectfully requests judgment be entered against Defendant, TRANS UNION LLC, for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT III
**DEFENDANT LOCKHART VIOLATED THE FAIR CREDIT REPORTING ACT**

63. Plaintiff repeats and re-alleges paragraphs 1-56 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

64. Defendant Lockhart violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendants;

    b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

65. Lockhart's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Lockhart is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, JOHN BRADFORD MENA, respectfully requests judgment be entered against Defendant, LOCKHART, MORRIS & MONTGOMERY, INC., for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d.  Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e.  Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## DEFENDANT LOCKHART VIOLATED THE FAIR DEBT PRACTICES ACT

66. Plaintiff repeats and re-alleges paragraphs 1-59 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

67. Defendant Lockhart violated the FDCPA based on the following:

    a.  Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant attempted to collect a debt that Defendant knew Plaintiff did not owe based on the Release, and when Defendant reported the false debt to the credit bureaus;

    b.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant attempted to collect a debt that Defendant knew Plaintiff did not owe based on the Release, when Defendant reported the false debt to the credit bureaus, when Defendant created the false impression on Plaintiff that Defendant was permitted to report the debt to credit reporting agencies in violation of 12 CFR 1006.30(a)(1) (Regulation F) with impunity, and when Defendant engaged in at least the following discrete violations of § 1692e;

    c.  Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendant attempted to collect a debt that Plaintiff did not owe, and when Defendant reported the false debt to the credit bureaus;

d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant placed the false debt on Plaintiff's credit report;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant attempted to collect on a debt that Plaintiff did not owe, and when Defendant placed the false debt on Plaintiff's credit report;

f. Defendant violated § 1692g(b) of the FDCPA by continuing to attempt to collect the alleged debt despite received a written notice from Plaintiff that the debt is disputed, and by failing to verify the debt and/or failing to mail said verification to Plaintiff; and

g. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to attempt to collect the alleged debt from Plaintiff after Plaintiff disputed owing the alleged deb, and when Defendant failed to provide any verification of the alleged debt;

h. Defendant violated section 1006.30(a)(1) of Regulation F (12 CFR 1006.30) by furnishing to a consumer reporting agency information about a debt before the debt collector speaks to the consumer about the debt in person or by telephone, or places a letter in the mail or sends an electronic message to the consumer about the debt, when Defendant reported the alleged debt to credit reporting agencies before corresponding with Plaintiff as required; and

i. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable

means to collect or attempt to collect any debt, when Defendants engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, JOHN MENA, respectfully requests an award be entered against Defendant, LOCKHART, MONTGOMERY & MORRIS, INC., for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

November 28, 2023

By: /s Richard W. Ferris
Richard W. Ferris, Esq.
Virginia Bar Number 31812
FERRIS LAW, PLLC
Fountain Park, Building 7
9327 Midlothian Turnpike
Suite 1J
Richmond, VA 23235
Phone: (804) 767-6848
Fax: (888) 251-6228
rwferris@richmondlawyer.com
Attorney for Plaintiff

14